PAMELA TAHIM THAKUR (Bar No. 239717)
pamela@thakurlawfirm.com
THAKUR LAW FIRM, APC
1400 N. Harbor Blvd., Suite 410
Fullerton, California 92835
Telephone:   (714) 772-7400
Facsimile:   (714) 333-4943

Attorney for Plaintiff, BENZARA INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENZARA INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PIER 1 IMPORTS ONLINE, INC., a Delaware Corporation; RETAIL ECOMMERCE VENTURES LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01661<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br><br>2. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>3. **MONEY HAD AND RECEIVED;**<br><br>4. **RESTITUTION BASED ON UNJUST ENRICHMENT;**<br><br>5. **CONSTRUCTIVE TRUST OR EQUITABLE LIEN;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BENZARA INC., an Illinois Corporation, ("Plaintiff" or "Benzara") brings this Complaint against Defendants, PIER 1 IMPORTS ONLINE, INC., a Delaware corporation ("Pier 1 Imports"), RETAIL ECOMMERCE VENTURES LLC, a Delaware limited liability company

-1-
COMPLAINT

("REV,") and DOES 1 through 20, inclusive, (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action brought by the Plaintiff pursuant to California statutory, decisional, and regulatory laws.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff is entitled to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3. This court has personal jurisdiction over the parties to this action because at all times relevant herein, all Defendants had sufficient minimum contacts with and within the State of California, the contract(s) at issue herein originated and were fully performed upon by Plaintiff within the State of California, all acts and/or omissions, including business conducted by and/or on behalf of all Defendants, giving rise to the causes of action alleged herein occurred within the State of California.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs. Complete diversity of citizenship is based on the following: Plaintiff is a citizen of Illinois with its principal place of business in Pico Rivera, California; Plaintiff is informed and believes that Pier 1 Imports is a citizen of Delaware with its principal place of business in Fort Worth, Texas; and, Plaintiff is informed and believes that REV is a citizen of Delaware with its principal place of business in Miami, Florida.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is an Illinois Corporation registered to do business in California, and does business in California, with its principal place of business located at 8600 Mercury Lane, Pico Rivera, California 90660.

7. Plaintiff is informed and believes that Pier 1 Imports is and at all times relevant to

THAKUR LAW FIRM, APC
1400 N. Harbor Blvd., Suite 410
Fullerton, California 92835

this Complaint was a Delaware corporation and was duly qualified to do business in the State of California.

8.  Plaintiff is informed and believes that REV is and at all times relevant to this Complaint was, a Delaware limited liability company and was duly qualified to do business in the State of California.

9.  Plaintiff is informed and believes and thereon alleges that each of Defendants herein was at all times the agent, employee, or representative of each remaining Defendant, and was at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that, as to each Defendant, whether named or referred to as a fictitious name, said Defendant supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

10. Plaintiff is informed and believes and thereon alleges that each Defendant herein is responsible in some manner for the occurrences, injuries, and damages herein, and that the damages were directly and proximately caused by these Defendants' acts and omissions.

11. The true names and capacities of the Defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## GENERAL ALLEGATIONS

12. Plaintiff is informed, believes, and thereon alleges that in 2020, REV acquired the rights and assets to Pier 1 Imports and planned to revive the brand as an e-commerce store. Soon after, in the same year of 2020, Pier 1 Imports closed its remaining physical stores and transferred its website to REV, which does business as PIER 1 IMPORTS ONLINE, INC.

13. Plaintiff is further informed, believes, and thereon alleges that upon acquiring PIER 1 IMPORTS ONLINE, INC.'s assets and rights, REV conducts all operational activity on behalf of Pier 1. Accordingly, PIER 1 IMPORTS ONLINE, INC. and REV (collectively, "Pier 1" or "Defendants") are both subject to this action.

-3-
COMPLAINT

THAKUR LAW FIRM, APC
1400 N. Harbor Blvd., Suite 410
Fullerton, California 92835

14. On or about January 15, 2021, Plaintiff entered into Pier 1's standard form Vendor Direct to Customer Agreement (the "Agreement") with Defendants, by which Pier 1 agreed to sell and promote Plaintiff's products, through drop-shipping services. Attached hereto as "**EXHIBIT A**" is a copy of the Agreement.

15. Pursuant to Section 9(a) of the Agreement, "[u]nless otherwise agreed to by Vendor, undisputed Invoices are due [by Pier 1] Net 30 from date of receipt."

16. Pursuant to Section 20(k) of the Agreement, the Agreement "is governed by laws of the State of Texas."

17. During the period from approximately January 15, 2021, until October 31, 2021, Plaintiff fully performed all duties and obligations required of it under the terms of the Agreement by shipping products to consumers who purchased Plaintiff's products from Pier 1's website, which entitled Plaintiff, under the terms of the Agreement, to payments from Pier 1, totaling about $95,714.76 (the "Invoice Amount").

18. In accordance with the Agreement, Plaintiff sent Pier 1 regular itemized invoices during the period from approximately January 15, 2021, until October 31, 2021, requesting outstanding payments. Copies of such invoices are attached hereto as "**EXHIBIT B**".

19. Despite entering into the Agreement with Plaintiff, which contained terms wholly drafted and dictated by Pier 1, and despite Plaintiff's unmitigated performance under the Agreement, resulting in significant revenues to Pier 1, in the form of payments it received from the consumers who purchased Plaintiff's products from its website, Pier 1 failed to make a single payment to Plaintiff, according to the terms of the Agreement, and as requested by Plaintiff in the regular itemized invoices sent to multiple points of contact within the Pier 1 organization.

20. On or about October 31, 2023, Plaintiff sent Pier 1 a Final Demand for the entirety of the past due amount of the Invoice Amount, and on December 18, 2023, Plaintiff's legal counsel sent another demand for immediate payment of the Invoice Amount. Pier 1 failed to respond or make payment.

21. As of the date of this pleading, not only has Pier 1 failed to make a single payment to Plaintiff on the Invoice Amount, but Pier 1 has, moreover, failed to make any excuse for its non-

1 performance under the Agreement and its non-payment to Plaintiff, despite having received
2 revenues exceeding the amount due and owing to Plaintiff, which has fully performed all terms for
3 which it was obligated under the Agreement, including by shipping all products purchased and paid
4 for by consumers through Pier 1's website.

22. Throughout the negotiations, execution, and performance of the Agreement from approximately January 15, 2022, to October 31, 2023, Plaintiff's agents interacted with agents of Pier 1. Plaintiff is informed, believes, and thereon alleges that the aforementioned Pier 1 agents acted with the apparent and actual authority to negotiate and contract on behalf of Pier 1.

23. Pier 1 has improperly retained funds, which came due during the unexpired term of the Agreement and was payable to Plaintiff during that period as dictated in Section 9 of the Agreement. In breach of the Agreement, Pier 1 has failed to pay any part of those funds due and owing to Plaintiff, thereby resulting in Pier 1 becoming and remaining unjustly enriched through the continued retention of those funds.

24. Resultantly, due to Pier 1's material breach of the Agreement, Plaintiff has suffered substantial monetary damages amounting to no less than the Invoice Amount. Due to Pier 1's ongoing breach of the Agreement and failure to properly address Plaintiff's requests for immediate payment, Plaintiff has ceased performance under the Agreement in effort to mitigate additional damages.

25. Plaintiff is informed, believes, and thereon alleges that Defendants have failed to pay any portion of the Invoice Amount, even though Defendants have received and enjoyed the benefits of the services provided by Plaintiff. Defendants, as such, have refused to pay, without justification, fair compensation for the services fully performed by Plaintiff, pursuant to the Agreement between the parties, thereby breaching the Agreement with Plaintiff for such services.

///
///
///
///
///

THAKUR LAW FIRM, APC
1400 N. Harbor Blvd., Suite 410
Fullerton, California 92835

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against Defendants and DOES 1-20)**

26. Plaintiff realleges and incorporates by reference the allegations in each of the previous paragraphs in this Complaint, as if expressly set forth herein.

27. In entering into the Agreement alleged herein, Plaintiff and Defendants entered into a written contract for drop-shipping services, which obligated Plaintiff, on one hand, to ship its products to consumers, whenever said consumers purchased Plaintiff's products through Defendants' website, and obligated Defendants, on the other hand, to remit a portion of the funds received from said consumers for the purchase of Plaintiff's products, which Defendants sold and marketed on its website. (*See* **EXHIBIT A**).

28. Plaintiff fully performed by promptly shipping the products, which were purchased by consumers through Defendants' website upon receiving notice of such purchases from Defendants, thereby enabling Defendants to fully realize a benefit in the form of the cash proceeds from the sale of Plaintiff's products. Accordingly, as of the date of this pleading Plaintiff has performed or has been excused from performing all material terms it owed under the Agreement.

29. Defendants committed a material and total breach of the Agreement by failing to fulfill their contractual obligation to pay Plaintiff a portion of all sales of Plaintiff's products made through its website.

30. As of the date of this pleading Defendants have yet to pay Plaintiff for all outstanding payments totaling no less than the Invoice Amount. In effort to mitigate its damages, Plaintiff afforded Defendants numerous opportunities to cure the breach, by sending regular itemized invoices to Defendants requesting payment of the amounts due. Despite Plaintiff's good faith efforts since October 31, 2023, Defendants have not remitted payment in any amount and, thus, remain in breach of the Agreement between the parties as of the date of this Complaint.

31. As a result of Defendants' breach of the Agreement, Plaintiff has been damaged in at least the sum of the Invoice Amount, or according to proof at the time of trial. Plaintiff is

1  entitled to recover the full amount due under the Agreement, plus reasonable late fees, attorneys'
2  fees, and interest, for which the parties negotiated and agreed to at the time of contracting and
3  reflected a reasonable estimate of the monetary damages Plaintiff would suffer if timely payment
4  was not made.

5  32.  As a direct and proximate result of Defendants' breach of contract described herein,
6  Plaintiff has suffered compensatory damages and incidental damages, including late fees and
7  interest.

## SECOND CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendants and DOES 1-20)

33.  Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

34.  Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.  This implied covenant of good faith and fair dealing requires that no party will do anything to prevent the other party from receiving the benefits of their agreement.  The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.  Here, Defendants owed a duty of good faith and fair dealing to Plaintiff, under which they were required to perform their contractual obligations in good faith, including following the Agreement's terms.

35.  The covenant of good faith and fair dealing required Defendants to pay Plaintiff at the rate of payment agreed upon at the time of contracting for the sale of Plaintiff's products through Defendants' website, promptly after Plaintiff shipped said products to the purchasers of said products.

36.  Defendants owed a duty of good faith and dealing to Plaintiff, under which they were required to carry out the obligations under the Agreement in good faith and to deal fairly with Plaintiff.

37.  Defendants engaged in bad faith conduct as detailed above by failing to pay Plaintiff

THAKUR LAW FIRM, APC
1400 N. Harbor Blvd., Suite 410
Fullerton, California 92835

compensation due for the valuable products purchased by consumers and provided to said consumers by Plaintiff, the benefit of which Defendants have fully realized.

38. As a direct and proximate cause of Defendants' wrongful conduct, in breach of the Agreement and in breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount not less than the Invoice Amount, to be proven at trial.

## THIRD CAUSE OF ACTION

### MONEY HAD AND RECEIVED

### (Against Defendants and DOES 1-20)

39. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

40. The elements of a cause of action for money had and received are: (1) defendant received money that was intended to be used for the benefit of plaintiff; (2) the money was not used for the benefit of plaintiff; and (3) defendant has not given the money to plaintiff.

41. Plaintiff is informed believes and thereon alleges that Defendants received money that was intended to be used for the benefit of Plaintiff.

42. Plaintiff fully performed under the Agreement by shipping the products purchased by promptly consumers through Pier 1's website, upon receiving notice of such purposes, after which it sent itemized invoices to Pier 1 (*see* **EXHIBIT B**), notifying Pier 1 of such shipments and requesting payment of monies had and received, which were, in part, for Plaintiff's benefit, but were improperly retained by Defendants.

43. Plaintiff is informed and believes and thereon alleges that the monies retained by Defendants under the Agreement were to benefit Plaintiff. Plaintiff is further informed, believes, and thereon alleges that said monies retained by Defendants were not in fact used for the benefit of Plaintiff.

44. As of the date of this pleading, Defendants have received and have failed to transfer funds in an amount not less than the Invoice Amount, which was meant to benefit Plaintiff.

45. As a direct and proximate cause of Defendants' wrongful conduct, insofar that they had and received monies that were intended to be used for Plaintiff's benefit which were never

used for Plaintiffs' benefit or transferred to Plaintiff, Plaintiff has been damaged in an amount not less than the Invoice Amount, exclusive of interest, to be proven at trial.

## FOURTH CAUSE OF ACTION

## RESTITUTION BASED ON UNJUST ENRICHMENT

### (Against Defendants and DOES 1-20)

46. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

47. Plaintiff discharged the duties for which Plaintiff was obligated under the Agreement with Defendants by fully performing the services and furnishing the products to consumers, according to the terms and within the time agreed upon by the parties at the time of contracting, thereby conferring a valuable and substantial benefit upon Defendants, which Defendants have fully realized and cannot be restored to Plaintiff by any other means besides payment for the services rendered and products furnished under the Agreement.

48. Defendants continue to realize a valuable benefit by virtue of the services rendered and products shipped to consumers by Plaintiff, which they would not have realized but for Plaintiff's efforts and actions, which Plaintiff performed according to all terms agreed upon by Plaintiff and Defendants.

49. Defendants agreed to pay Plaintiff for the products purchased by consumers through Defendants' website, which were promptly shipped to consumers by Plaintiff, at the agreed upon rate of payment that is and was commensurate with the market rate for such products and services, as evidenced by the terms of the Agreement.

50. Defendants have received, fully realized, and continue to retain substantial and valuable benefits as a direct result of the sale of Plaintiff's products, for which they failed to remit any portion of the proceeds received from such sales, and which they continue to retain for their sole benefit.

51. Because Plaintiff conferred upon Defendants substantial benefits for which Plaintiff has not been repaid, Defendants have been unjustly enriched by their retention of the entirety of the monies received from consumers for the purchase of Plaintiff's products.

52. It would be inequitable and unjust for Defendants to retain such non-gratuitous benefits conferred upon Defendants by Plaintiff, as Defendants failed to perform their material obligations under the Agreement.

53. Accordingly, Plaintiff requests an award of all benefits that have been conferred on Defendants and by which they have been unjustly enriched, in an amount not less than the Invoice Amount, to be proven at trial.

54. Plaintiff is entitled to, and hereby seeks, disgorgement and restitution of Defendants' wrongfully and ill-gotten benefits, plus fees and costs incurred by Plaintiff.

55. Plaintiff is entitled to the imposition of a constructive trust and/or equitable lien such that Defendants' enrichment, benefit, and ill-gotten gain may be allocated and distributed equitable by the Court to and/or for the benefit of Plaintiff.

56. Plaintiff thereby requests that this court disgorge Defendants of their ill-gotten gains and pay these gains back to Plaintiff.

## FIFTH CAUSE OF ACTION

## CONSTRUCTIVE TRUST OR EQUITABLE LIEN

### (Against Defendants and DOES 1-20)

57. Plaintiff realleges and incorporates by reference the allegations in each of the previous paragraphs in this Complaint, as if expressly set forth herein.

58. Defendants entered into the Agreement with Plaintiff and promised to pay Plaintiff a certain portion from the sale of Plaintiff's products through Defendants' website, which Plaintiff fully and timely performed by promptly shipping the products purchased by the consumers according to the Agreement, and was, thus, entitled under the Agreement to payment of the agreed upon portion of the proceeds of said sales of Plaintiff's products. All of Defendants' aforementioned actions, including willful non-payment in breach of the Agreement, constitute "wrongful acts."

59. By virtue of Defendants' wrongful acts, Defendants have been unjustly enriched, because they received a substantial and valuable benefit in the form of the improper retention of the entire amount of the proceeds from the sale of Plaintiff's products, a portion of which was to

be paid to Plaintiff in accordance with the terms of the Agreement, but they failed to pay any valuable consideration in exchange for the benefit received.

60. Plaintiff is informed, believes, and thereon alleges that through these and other wrongful acts alleged in this Complaint, Defendants named in this cause of action have wrongfully retained and continue to wrongfully retain Plaintiff's property in a manner that constitutes unjust enrichment.

61. The Invoice Amount, plus interest, owed by Defendants to Plaintiff for valuable goods and services (alleged specifically in this Complaint) constitutes property in which Plaintiff has an ownership interest.

62. Plaintiff is informed, believes, and thereon alleges that Defendants named in this cause of action, by knowingly retaining the Plaintiff's property, as alleged in this Complaint, have committed wrongful acts.

63. Plaintiff is informed, believes, and thereon alleges that Defendants named in this cause of action continue to be unjustly enriched by their continued wrongful retention of funds owed to Plaintiff in an amount not less than the Invoice Amount.

64. Plaintiff is entitled to the imposition of a constructive trust and/or equitable lien such that Defendants' enrichment, benefit, and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants and DOES 1-20 as follows:

1. For general and special damages, actually and proximately caused by Defendants acts and omissions herein, in a sum at least in excess of the Invoice Amount, to be ascertained at time of trial;

2. For compensatory damages resulting from Defendants' breaches of contract, in a sum at least in excess of the Invoice Amount of $95,714.76 to be ascertained at time of trial;

3. For incidental and consequential damages reasonably foreseeable at the time of

-11-
COMPLAINT

contracting, which resulted from Defendants breaches of contract, in amounts to be finally proven at trial;

4. For attorneys' fees incurred and reasonable costs of suit, as required by law;

5. For restitution based on unjust enrichment or *quantum meruit* for the reasonable value of services rendered;

6. For a Court Order imposing a constructive trust (or alternatively, an equitable lien) for the benefit of Plaintiff on all property belonging to Plaintiff or that Plaintiff had a right to possess which Defendants wrongfully acquired or retained, and on any gains that Defendants made as a result of such wrongful acquisition or retention, in an amount to be finally proven at trial;

7. For all incidental expenses in a sum to be ascertained at time of trial;

8. For prejudgment interest pursuant to Tex. Fin. Code Ann. §§ 304.102 & 304.103.;

9. For attorney's fees and costs of suit incurred herein; and

10. For such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: February 26, 2024            **THAKUR LAW FIRM, APC**

By: */s/ Pamela Tahim Thakur*
PAMELA TAHIM THAKUR
Attorneys for Plaintiff, BENZARA, INC.