UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENZARA INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>PIER 1 IMPORTS ONLINE, INC., a Delaware Corporation; RETAIL ECOMMERCE VENTURES LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01661-AB-SK<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT** |

Before the Court is Plaintiff Benzara Inc.'s ("Plaintiff") Motion for Default Judgment ("Motion," Dkt. No. 21).[1] Defendants Pier 1 Imports Online, Inc. ("Pier 1") and Retail Ecommerce Ventures LLC ("REV") (collectively, "Defendants") did not file an opposition. The Court deemed this matter appropriate for decision without oral argument and took it under submission. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** the Motion.

//

---

[1] Plaintiff initially filed a Motion without a proposed order (Dkt. No. 18), and later refiled its Motion along with a proposed final judgment (Dkt. No. 21). The Court therefore refers to the refiled motion.

1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges that in 2020, REV acquired Pier 1's rights and assets with the intention of reviving the brand as an e-commerce store. *See* Compl. (Dkt. No. 1) ¶ 12. Soon after, in the same year, Pier 1 closed its remaining physical stores and transferred its website to REV, and REV has since conducted all of Pier 1's operations. *See id.* ¶¶ 12-13. On or around January 15, 2021, Plaintiff entered into Pier 1's standard form Vendor Direct to Customer Agreement ("Agreement") with Defendants, whereby Pier 1 agreed to sell and promote Plaintiff's products through drop-shipping services. *Id.* ¶ 14; Compl. Ex. A (Dkt. No. 1-1). Section 9(a) of the Agreement provides that "[u]nless otherwise agreed to by [Plaintiff], undisputed Invoices are due [by Pier 1] Net 30 from date of receipt." *See id.* ¶ 15; Compl. Ex. A at 4. Pursuant to Section 20(k) of the Agreement, the Agreement is governed by Texas law. *See* Compl. ¶ 16. From approximately January 15, 2021 to October 31, 2021, Plaintiff fully performed all its duties and obligations under the terms of the Agreement by shipping products to customers who purchased its products from Pier 1's website, which entitled Plaintiff to payments from Pier 1, totaling about $95,714.76 ("the Invoice Amount"). *See* Compl. ¶ 17. In accordance with the Agreement, Plaintiff regularly sent Pier 1 itemized invoices, requesting outstanding payments. *See id.* ¶ 18; Compl. Ex. B (Dkt. No. 1-2). Pier 1 has failed to make any payment. *See* Compl. ¶ 19. On October 31, 2023, Plaintiff sent Pier 1 a final demand for the Invoice Amount, and on December 18, 2023, Plaintiff's counsel sent Defendant another demand for immediate payment of the Invoice Amount. *See id.* ¶ 20. Defendants failed to respond or make any payment. *See id.* ¶ 21.

On February 29, 2024, Plaintiff brought this action against Defendants, asserting claims for breach of contract, breach of covenant of good faith and fair dealing, and money had and received, restitution based on unjust enrichment, and constructive trust or equitable lien. *See generally* Compl. On March 19, 2024, both Defendants were served with the Summons and Complaint. *See* Proofs of Service

(Dkt. Nos. 10-11). Defendants failed to respond to the Complaint or otherwise appear in this action. On April 19, 2024, the Clerk of the Court entered both Defendants' default. (Dkt. Nos. 15-16.)

Plaintiff now moves for default judgment on its claims for breach of contract, money had and received, and unjust enrichment, seeking compensatory damages in the amount of $95,714.76, plus applicable interest under Texas law, and attorneys' fees and costs in the amounts of $9,509.50 and $837.03, respectively. *See* Mot. (Dkt. No. 21).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(a), (b). However, before a court can enter a default judgement against a defendant, the plaintiff must comply with the procedural requirements of Local Rule 55-1. Local Rule 55-1 requires the moving party to submit a declaration establishing (1) when and against what party the default was entered; (2) the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by 55(b)(2). C.D. Cal. L.R. 55-1.

Moreover, "once a default is entered, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). However, an entered default does not automatically entitle the plaintiff to a court-ordered judgment. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1774 (C.D. Cal. 2002). Accordingly, the court has an independent duty to determine the sufficiency of the claim before it grants an application for default judgment. *In re Kubick*, 171 B.R. 658, 662 (B.A.P. 9th Cir.

1994). When determining whether to grant or deny default judgment, the Ninth Circuit has directed the courts to consider several factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits ("*Eitel* factors"). *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment under Local Rule 55-1. Plaintiff filed the Declaration of Pamela Tahim Thakur ("Thakur Decl.," Dkt. No. 21-2) attesting to the required facts. *See* Thakur Decl. ¶ 7. Specifically, the Court entered default against Defendants on April 19, 2024. Each Defendant is a business entity and, therefore, not a minor, incompetent person, or in the military service, so the Servicemembers Civil Relief Act does not apply. *Star Fabrics Inc. v. Karma*, No. 2:17-CV-03693-SVW-(Ex), 2017 WL 6513650, at *2 (C.D. Cal. Dec. 19, 2017) (holding that where the defendant was a business, it was not a minor, incompetent person, or soldier in the military service). Therefore, Plaintiff has satisfied the procedural requirements for obtaining default judgment.

### B. *Eitel* Factor Application

#### 1. Prejudice

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if the Court does not enter default judgment. *PepsiCo*, 238 F. Supp. 2d at 1177. Given Defendants' failure to pay the Invoice Amount and failure to respond to Plaintiff's demands, Plaintiff will suffer prejudice because it will "likely be without other recourse for recovery" if default judgment is not entered. *Id.* Thus, the first *Eitel* factor weighs in favor of entering default judgment.

//

### 2. Sufficiency of the Complaint and Merits of the Claims

The second and third *Eitel* factors assess the substantive merit of the plaintiff's claim and the sufficiency of its pleadings. *Eitel*, 782 F.2d at 1471. Accordingly, the plaintiff must state a claim on which it may recover. *PepsiCo*, 238 F. Supp. 2d at 1177; *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

#### a. Breach of Contract

To prevail on its claim for breach of contract under Texas law,[2] a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Foley v. Daniel*, 346 S.W.3d 687, 690 (Tex. App. 2009). "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex .App. 2006). Here, Plaintiff has sufficiently alleged breach of contract. A valid contract exists—Plaintiff promised to ship products to customers who purchased its products, and, in exchange, Pier 1 promised to make payment pursuant to the invoices sent by Plaintiff. *See* Compl. ¶¶ 14-15; Compl. Ex. A. Plaintiff performed its obligations under the Agreement by fulfilling customers' purchase orders from about January 15, 2021 to October 31, 2021, and sent Defendants the invoices. *See id.* ¶¶ 17-18. Defendants, however, breached the contract by failing to pay Plaintiff the Invoice Amount. *See id.* ¶¶ 19-21. As a result, Plaintiff suffered damages of $95,714.76. *See id.* ¶¶ 17-19.

#### b. Money Had and Received

A claim for money had and received under Texas law "arises when a party obtains money that, in equity and good conscience, belongs to another." *Merry Homes*, 359 S.W.3d at 883 (Tex. App. 2012). "A claim for money had and received is not based on wrongdoing; rather, the only question is whether the defendant holds money that, in equity and good conscience, belongs to another." *Id.* As discussed,

---

[2] The Agreement is governed by Texas law. *See* Compl. Ex. A at 8.

Plaintiff performed its contractual obligations but Defendants have failed to pay the invoiced amounts despite Plaintiffs repeated demands. Neither the whole or part of the sum of $95,714.76 has been paid. *See* Compl. ¶ 21.

### c. Restitution Based on Unjust Enrichment

To prevail on a claim for restitution based on unjust enrichment under Texas law, a plaintiff must show that "the party from whom he is seeking restitution was unjustly enriched [and] that that party 'had wrongfully secured a benefit or had passively received one which it would be unconscionable for him to retain.'" *Oxford Fin. Cos. v. Velez*, 807 S.W.2d 460, 465 (Tex. App. 1991) (*quoting Barrett v. Ferrell*, 550 S.W.2d 138, 143 (Tex. Civ. App.1977)). Here, Plaintiff fully performed its duties under the Agreement and Defendants have failed to pay Plaintiff as agreed. Defendants received $95,714.76 from Plaintiff, which they subsequently benefit from without the authorization of Plaintiff.

### 3. Sum of Money at Stake

The fourth *Eitel* factor requires the Court to balance "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Thus, the Court must assess whether the recovery sought is proportional to the harm caused by the defendant. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff requests the amount of money Plaintiff is owed under the Agreement for its performance, $95,714,76, plus prejudgment interest in the amount of $2,055.25. Plaintiff also requests $9,509.50 in attorneys' fees and $837.03 in costs. In total, Plaintiff seeks $108,116.54. The Court finds that it is appropriate to award less than the requested amount of attorneys' fees and prejudgment interest, as detailed below, but the amount sought is reasonable and weighs in favor of entering default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth factor considers the possibility of dispute as to any material facts in the case. *Eitel*, 782 F.2d at 1471-72. Defendants failed appear to contest the facts alleged in Plaintiff's Complaint, so the Clerk of Court entered their default, and Plaintiff's allegations must be taken as true. *PepsiCo*, 238 F. Supp. 2d at 1177. And Defendants have not opposed this motion. Furthermore, Plaintiff has filed evidence to substantiate its allegations. Thus, there is no possibility of dispute concerning material facts. This factor weighs in Plaintiff's favor.

### 5. Possibility of Excusable Neglect

The sixth factor concerns whether the default was due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, there is no evidence that Defendants' failure to appear is the result of excusable neglect. Defendants were properly served yet failed to answer or otherwise respond to the Complaint. Defendants also received demands from Plaintiff and did not respond. Therefore, this factor weighs in favor of entering default judgement.

### 6. Policy Favoring Decision on the Merits

The final *Eitel* factor acknowledges that policy favors resolving cases on the merits rather than by default. However, a defendant's "failure to answer [the] plaintiff's] complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F.Supp.2d at 1177. Therefore, when a defendant fails to appear and defend a case, the court has the authority to enter default judgment against the defendant. Rule 55(b); *Vogel*, 992 F. Supp. 2d at 1013. Because Defendants failed to respond to Plaintiff's Complaint, this factor does not prevent the Court from entering default judgment against Defendants.

### 7. Conclusion of *Eitel* Factors

Because the *Eitel* factors weigh in favor of granting default judgment, the Court grants default judgment.

//

**C. Remedies**

Plaintiff seeks $108,116.54 (comprising compensatory damages of $95,714.76, prejudgment interest of $2,055.25, attorneys' fees of $9,509.50, and costs of $837.03).

### 1. Compensatory Damages

Plaintiff seeks compensatory damages of $95,714.76. Both the Complaint and the declaration of Arvind Singh in support of the Motion ("Singh Decl.," Dkt. No. 21-1, Ex. B) attach multiple invoices detailing Defendants' account between January 15, 2021 and October 31, 2021. *See* Singh Decl. ¶ 7. These invoices include itemized charges such as the item, quantity, rate, and amount. *See* Singh Decl. Ex. B. The Agreement and these invoices provide proof of real damages that arose naturally from the breach and were within the contemplation of the parties at the time the Agreement was signed. The Court finds that Plaintiff has provided sufficient proof of the damages amount through the Agreement, the declaration of Plaintiff's owner, and the invoices. Accordingly, Plaintiff is entitled to the full amount of compensatory damages.

### 2. Prejudgment Interest

Plaintiff seeks prejudgment interest of $2,055.25. However, Plaintiff does not provide any authority supporting the relief it seeks. Plaintiff asserts that it is "entitled to compensatory damages in the amount of $95,714.76, plus interest at the legal rate," *see* Mot. at 10, but does not provide the legal rate in its Motion. Indeed, the proposed judgment states that Plaintiff's requested relief consists of "prejudgment interest under Texas law of 8.25% from the date the Complaint was filed on February 29, 2024, of $2,055.25." *See* Proposed Judgment (Dkt. No. 21-3). But Plaintiff cites to no statute providing for this rate, nor does Plaintiff demonstrate why Texas law applies. In any event, Plaintiff does not provide any evidence to establish the appropriate interest rate. Therefore, the Court declines to award Plaintiff's request for prejudgment interest.

### 3. Attorneys' Fees and Costs

Local Rule 55-3 provides for reasonable attorneys' fees and costs when there is a promissory note, contract or applicable statute. *See* C.D. Cal. L.R. 55-3. Plaintiff

seeks attorneys' fees of 9,509.50 and costs of $837.03, based on a provision of the Agreement which provides for attorneys' fees and costs to the prevailing party. Specifically, Section 20(e) of the Agreement states: "If any action, suit or other proceeding is instituted concerning or arising out of this Agreement, the prevailing party shall recover from the non-prevailing party all of such party's costs and reasonable attorneys' fees incurred in each and every such action, suit or other proceeding, including any and all appeals or petitions therefrom." *See* Compl. Ex. A. at 8. The Court finds that this provision sufficiently provides for the recovery of attorneys' fees. *See* Cal. Civ. Code § 1717. Additionally, Plaintiff is the prevailing party in this action because Plaintiff has successfully established its claims against Defendants for purposes of default judgment. *See Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). Therefore, attorneys' fees and costs are available to Plaintiff.

      The declaration of Plaintiff's counsel states that "Plaintiff reasonably estimates that it spent approximately $837.03 in costs and $9,509.50 in attorneys' fees." *See* Thakur Decl. ¶ 8. However, it is unclear how Plaintiff estimates these requested amounts, as counsel for Plaintiff has submitted no documentation to support the estimated amounts. The Court therefore looks to Local Rule 55-3, which provides that attorneys' fees for a judgment in the amount "$50,000.01 - $100,000" are "3600 plus 4% of the amount over $50,000." C.D. Cal L.R. 55-3. Local Rule 55-3's fee schedule is "applied to the amount of the judgment exclusive of costs." *Id.* Accordingly, the Court calculates the amount of attorneys' fees under Local Rule 55-3 as follows: $3,600 + ($45,714.76 [amount of $95,714.76 exceeding $50,000] x .04 [4%]), for a total of $5,428.59 in attorneys' fees. As to costs, Plaintiff's request for $837.03 in costs seems reasonable.

## V. CONCLUSION

      The Court **GRANTS** Plaintiff's Motion on its claims for breach of contract, money had and received, and unjust enrichment.

      **JUDGMENT IS ENTERED** for Plaintiff against Defendants in the total

amount of **$101,980.38** (compensatory damages of $95,714.76, prejudgment interest of $0, attorneys' fees of $5,428.59, and costs of $837.03).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that a constructive trust be hereby imposed in favor of Plaintiff and against Defendants in the amount of $95,714.76, as result of Defendants' unjust enrichment.

The Court retains jurisdiction over any matter pertaining to this Judgment.

The Clerk of Court is **ORDERED** to **ENTER JUDGMENT**.

**IT IS SO ORDERED.**

Dated: August 5, 2024

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE